UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-30412
Summary Calendar

GLENN FALGOUST and ANGELA FALGOUST

Plaintiffs-Appellants,

versus

WAL-MART STORES, INC. ET AL.,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana

(96-CV-484-B-M1)

April 12, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Glenn Falgoust is a self-described "outspoken critic of Wal-Mart's" expansion into small towns. His negative views toward Wal-Mart apparently stem from his experience operating a White's Auto store in Donaldsonville, Louisiana which he asserts he was forced to sell because Wal-Mart opened a store in the same town. He has appeared in radio and television interviews, newspaper articles, and public appearances criticizing Wal-Mart expansion. He and his wife, co-appellant Angela Falgoust, even formed a consulting business, entitled "Wal-Mess," to prevent Wal-Mart expansion into small communities. During one television interview, appellant appeared on "60 Minutes" and condemned Wal-Mart for having an adverse effect on his home town of

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except for the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Donaldsonville, Louisiana.

To counteract the appellants' negative campaign, Wal-Mart spokespersons also made public appearances, including television and newspaper interviews, on the subject of Wal-Mart expansion. In one such television interview, broadcasted from Lancaster, Pennsylvania entitled "12:30 Live," Wal-Mart's Director of Community Relations, Robert Cheyne, defended Wal-Mart from the disapproving "60 Minutes" broadcast that featured Falgoust. Based on comments made by Cheyne during that interview, the Falgousts sued Wal-Mart claiming that Cheyne defamed them. In addition, appellants assert that various acts by Wal-Mart constituted unfair trade practices in violation of Louisiana law. The magistrate judge granted each of Wal-Mart's partial motions for summary judgment and dismissed all of appellants' claims.

**STANDARD OF REVIEW**

This court reviews the grant of summary judgment de novo. Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Citrate, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 2252-53 (1986). Under this standard, all fact questions must be viewed in the light most favorable to the non moving party, and questions of law are reviewed de novo. See Hassan v. Lubbock Indep. Sch. Dist., 55 F.3d 1075, 1079 (5th Cir. 1995).

2

## DISCUSSION

### 1. Louisiana Unfair Trade Practices Act

Appellants initially argue that the magistrate judge erred in dismissing their claim under the Louisiana Unfair Trade Practices Act (the "Act"). The Act provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. La. Rev. Stat. Ann. § 51:1405(A) (West 1987). Following the lead of Louisiana appellate courts, we have held that the Act limits private suits "to consumers and business competitors." Gardes Directional Drilling v. U.S. Turnkey Exploration Co., 98 F.3d 860, 867-68 (5th Cir. 1996); Delta Truck & Tractor, Inc. v. J.I. Case Co., 975 F.2d 1192, 1205 (5th Cir. 1992).

The appellants argue that they are and were direct competitors with Wal-Mart.[1] **We disagree. Appellants first claim that their tire store directly competed with Wal-Mart. The record clearly demonstrates, however, that by the time the alleged deceptive and unfair trade practices occurred, the appellants were no longer involved in the tire business. Thus, they were not competitors of Wal-Mart.**

**Appellants also contend that they are current competitors with Wal-Mart because they operate a consulting business opposing Wal-Mart expansion. We disagree. Appellants run a consulting business aimed at battling Wal-Mart expansion while Wal-Mart runs an**

---

[1]Appellants do not assert that they qualify as "consumers," so we address only whether they were "competitors" of Wal-Mart.

3

**international chain of retail stores. The parties are not "[p]ersons endeavoring to do the same thing and each offering to perform the act, furnish the merchandise, or render the service better or cheaper than his rival." Black's Law Dictionary 284 (6th ed. 1990). Since the parties are not competitors, the Act does not grant appellants a private right of action. See Gardes Directional Drilling, 98 F.3d at 868. Therefore, the magistrate judge's grant of summary judgment was correct.**

**2. Defamation**

Next, appellants argue that Cheyne defamed them by making the following comments on the "12:30 Live" program:

> You've got to understand, 60 Minutes is investigative journalism. They have an opinion before they produce the show, and they're going to go out and shoot enough film to support their position. They did an excellent job of that. I simply believe that their position was entirely wrong, not based on fact, and unfortunately, having viewed much of the film, for example with our Vice-President Tom Saye, was very, very biased. One of the most critical parts of that entire show that offended all of us at Wal-Mart was the reference to this little town in Louisiana . . . Donaldsonville. I have letters from the Mayor and leading citizens of Donaldsonville that were written to CBS after that program, refuting all of their claims that Donaldsonville is a dying town. The leading gentlemen on that program, Glenn Falgoust, what they didn't tell you on 60 Minutes, is he wasn't driven out of business, he sold his business at a significant profit. They failed to mention that. They failed to mention that businesses today have increased 50% in the last 20 years in that city of Donaldsonville. They shot the Mayor of Donaldsonville with a tape, he supported Wal-Mart strength in that town. CBS refused or at least declined to use that portion. You can take pictures of Washington, D.C., Chicago, Detroit, possibly in this county, that will make it look poor. It's exactly what they did.

Although appellants do not specify on appeal precisely which remarks defamed them, they contend that Cheyne's rebuttal of the 60

Minutes broadcast harmed their ability to function as consultants. Injury, however, is just one of several factors that must be proven to succeed in a defamation action. Louisiana plaintiffs must also show that the defendant published defamatory words that were communicated to some person, that the alleged defamatory remarks were false, and the speaker acted with actual malice (in the case of public figures). See Cangelosi v. Schwegmann Bros. Giant Super Mkts., 390 So.2d 196, 198 (La. 1980). Since appellants are limited public figures,[2] **summary judgment should be granted for the defendant unless the plaintiffs have proven by clear and convincing evidence that a genuine issue of actual malice exists.[3] See Romero v. Thomson Newspapers (Wisconsin), Inc., 648 So.2d 866, 869 (La. 1995). Proving actual malice is a difficult burden, especially since proof that the defendant published false statements is not, by itself, sufficient to demonstrate actual malice. See Kaufman, 113 F.3d at 560; Bose Corp. v. Consumers Union of United States, Inc., 466 U.S. 485, 511, 104 S. Ct. 1949, 1965 (1984). "As long as a defendant does not act knowing his statement is false or with reckless disregard of its truth, actual malice will not be**

---

[2]The appellants do not contest their status as "limited public figures." That they meets all of the qualifications is irrefutable since they have "thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved." **Gertz v. Robert Welch, Inc., 418 U.S. 323, 345, 94 S. Ct. 2997, 3009 (1974).**

[3]"Actual malice" exists when the speaker realizes his statement was false or speaks with reckless disregard of whether it was false. **See New York Times Co. v. Sullivan, 376 U.S. 254, 279-80, 84 S. Ct. 710, 726 (1964); Peter Scalamandre & Sons, Inc. v. Kaufman, 113 F.3d 556, 560 (5th Cir. 1997).**

present." <u>Kaufman</u>, 113 F.3d at 561.

Although portions of Cheyne's comments were technically inaccurate, appellants have failed to show that he made the statements knowing of their falsity or with reckless disregard for the truth. For instance, Cheyne stated that, "what they didn't tell you on 60 Minutes, is [Falgoust] wasn't driven out of business, he sold his business at a significant profit." The "talking points," however, from which Cheyne based his remarks, shows what he intended to say: "the new owner of the tire store which Mr. Falgoust sold, is we understand, doing just fine and making a profit." Appellant has produced no clear and convincing record evidence demonstrating that Cheyne intended to mislead his audience or acted with "actual malice." Rather, a comparison of the two statements and the record shows that he made an honest error.

Moreover, Cheyne's comments are not defamatory vis-a-vis the appellants because a third party watching the "12:30 Live" program would not "have reasonably understood the communication, taken in context, as intended in a defamatory sense." <u>Davis v. Borskey</u>, 660 So.2d 17, 22 (La. 1995). Cheyne's remarks were not about the appellants--he referred to the lack of objectivity demonstrated by "60 Minutes" and its bias in reporting the events in Donaldsonville. Cheyne merely referred to the Falgousts' sale of their tire business as an example in which "60 Minutes" failed to report accurately on Wal-Mart's impact. Even if the comment was inaccurate, it was not intended to defame the appellants, nor did

6

Cheyne's remarks accuse the appellants of being untruthful or expose them to public ridicule.  See id.  Thus, their defamation claim fails.

Appellants refer to other alleged defamatory statements, but as these referred to the town of Donaldsonville, appellants state no claim on their own behalf.

## CONCLUSION

Finding no reversible error, the magistrate judge's order granting summary judgment for appellee Wal-Mart Stores, Incorporated is **AFFIRMED**.

7